08-5365-cv
George v. Transunion Credit Bureau

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              GERARD E. LYNCH,
                              <u>Circuit Judge</u>,
              JANE A. RESTANI[*],
                              <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

CHARLES GEORGE,
        <u>Plaintiff-Appellant</u>,

        -v.-                                    08-5365-cv

EQUIFAX MORTGAGE SERVICES,
        <u>Defendant-Appellee</u>,

EQUIFAX CREDIT BUREAU,
        <u>Defendant-Cross-Defendant</u>,

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1

**TRANSUNION CREDIT BUREAU AND EXPERIAN CREDIT BUREAU,**
        <u>**Defendants Cross-Defendants**</u>

**JP MORGAN CHASE MANHATTAN BANK,**
        <u>**Defendant Cross-Defendant**</u>
        <u>**Cross Claimant**</u>,

**EQUIFAX INFORMATION SERVICES, LLC,**
        <u>**Defendant**</u>

- - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**    Charles George, *pro se*, New York, New York.

**APPEARING FOR APPELLEES:**    Barry Goheen, King & Spalding LLP, Atlanta, Georgia.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, <u>J.</u>).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part and **VACATED** in part and the action is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Charles George appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, <u>J.</u>) granting the motion for summary judgment by Equifax Mortgage Services ("EMS") and denying George's motion for sanctions pursuant to Fed. R. Civ. P. 11(b), his motion to strike, and his cross-motion

2

for summary judgment.  We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

For substantially the reasons stated by the district court, George's motion for Rule 11 sanctions, his motion to strike, and his cross-motion for summary judgment were all properly denied.

The district court granted summary judgment to EMS on the ground that George failed to demonstrate that he had disputed with EMS the credit information at issue before filing this action.  See Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 474 (2d Cir. 1995) ("Prior to being notified by a consumer, a credit reporting agency generally has no duty to reinvestigate credit information.").  George had argued, as the district court acknowledged, "that he had notified Equifax [Information Services, LLC ("Equifax")] prior to initiating this lawsuit [in August 2005], and that EMS, as a division of Equifax, therefore should have knowledge of his notification.  EMS . . . was a division of Equifax."  George v. Equifax Mortg. Servs., 2008 U.S. Dist. LEXIS 75785, at *6 (E.D.N.Y. Sept. 30, 2008).[1]

---

[1] George also has argued that letters he wrote in June 2006 and August 2006 demonstrate that he contested his credit report prior to this action; as he commenced this suit in March 2006, these demonstrate no such thing.

3

However, in ruling that George's "attempt to impute Equifax's knowledge of his dispute to its subsidiary, EMS, fails as a matter of law," the district court no longer referred to EMS as a "division of Equifax," but rather as a "subsidiary." Id. It is undisputed that "Appellee Equifax Mortgage Services . . . is a *division* of Equifax Information Services LLC," not a subsidiary. See Appellee's Brief, Corporate Disclosure Statement (emphasis added). It was therefore error to apply here the rules that limit the imputation of a *parent* corporation's knowledge to its *subsidiary*; the relevant question was whether a court can impute knowledge from one *division* of a corporation to another, a question to which different rules apply. Compare Bank of China v. NBM LLC, 359 F.3d 171, 179 (2d Cir. 2004) (courts presume that an agent's knowledge is imputed to the principal corporation) with 18B Am. Jur. 2d Corporations § 1454 (notice to a parent constitutes notice to a subsidiary only under specific circumstances); see also Western Diversified Servs. v. Hyundai Motor Am., Inc., 427 F.3d 1269, 1276 (10th Cir. 2005) ("[W]e see no reason in equity or otherwise to exempt [defendant corporation] from the general principle that an employee's knowledge gained in the course and scope of the employment is imputed to the corporation, and, therefore, to all of its departments.");

4

D.C. Comics, Inc. v. Powers, 465 F. Supp. 843, 849 n.8 (S.D.N.Y. 1978) ("Before a parent's knowledge will be imputed to its subsidiary, it must be shown that the parent's employees informed of the infringement were under a duty to report that information to the subsidiary.").

As this error underlies the determination that George had inadequately alerted EMS of his dispute before commencing this action, we must vacate in part and remand.

EMS briefly argues that there is another possible ground for summary judgment, specifically, the lack of proof of actual damages. We decline to decide that question in the first instance, and remand to the district court to consider whether this or any other alternative grounds support its grant of summary judgment.

Accordingly, the judgment of the district court is hereby **AFFIRMED** in part and in part **VACATED** and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5